IRVING TRUST COMPANY, Plaintiff, v. —— HAZLEWOOD, Defendant.

Supreme Court, New York County, May 24, 1933.

*Cardozo & Nathan,* for the plaintiff.

*Simpson, Thacher & Bartlett,* for the bondholders' committee.

*Karelsen & Karelsen,* for Karelsen.

INGRAHAM, J. This is a motion by the trustees under a trust mortgage made by the Libby's Hotel Corporation for construction of the provisions of the mortgage and for direction to the trustees to satisfy said mortgage upon receiving payment in full of the amount due them in funds other than gold coin. The obligation of the mortgagor provides that: " Libby's Hotel Corporation * * * will pay to bearer or to the registered holder hereof * * * dollars, in gold coin of the United States of America of not less than the present standard of weight and fineness as now fixed by law (notwithstanding any law which may now or hereafter make anything else legal tender for the payment of debts) * * *," and the coupons attached to the bonds contain a similar provision. In August, 1929, the mortgaged property was condemned by the city of New York, and as a result of condemnation proceedings an award of $2,850,000, with interest thereon, has been affirmed by the Court of Appeals. The city is expected to make payment of the award during the current week. Such payment will not be made in gold coin, and the trustees accordingly seek instructions of the court. The attorneys for approximately ninety-six per cent of the bondholders, on behalf of their clients, have presented an affidavit consenting that payment be made in current funds instead of gold coin. By presidential proclamation all gold coin and gold certificates have been withdrawn from circulation. Upon sur-

render of gold coin or certificates the holder has received other currency of equal coin value. The case of *Bronson* v. *Rodes* (74 U. S. 229; 19 L. Ed. 141) is not in point. Different circumstances there prevailed. Two varieties of money were in general circulation; the gold dollar and the paper dollar. The latter had a much depreciated value. At the present time there is but one lawful medium of exchange, and this has the same coin value as gold of equal amount. The case of *Matter of Societe Intercommunale Belge d'Electricite-Feist* v. *The Company* (49 Times Law Reports, p. 344), decides the question involved here. I accordingly instruct the trustees to accept current funds and upon payment of the amount due to satisfy the mortgage. Order signed.